■ In the Matter of LEONARD E. RYAN, Appellant, v ANTHONY SADOW-SKI et al., Respondents.—In a proceeding, *inter alia,* to validate the petition designating petitioner Leonard E. Ryan as a candidate in the Democratic Party primary election to be held on September 11, 1979 for the public office of Judge of the Civil Court, the appeal is from a judgment of the Supreme Court, Kings County, dated August 20, 1979, which, after a hearing, dismissed the proceeding. Judgment reversed, and matter remanded to Special Term for a hearing *de novo* before a Justice other than the one who made the judgment from which the appeal is taken. After examining approximately one half of the signatures on the pages constituting the designating petition, Special Term made a determination using a ratio for the pages not examined similar to the ratio of valid signatures found on the pages examined. On this basis, the court found that the number of required signatures was insufficient. In our opinion such a determination may not be

made. The hearing should not have been terminated without a full review of all the signatures. While we understand the difficulties that often confront Justices when hearing lengthy election cases, litigants are entitled to a full hearing and a determination made after review of all the facts. On the new hearing, the parties are urged to stipulate, as far as possible, to all facts as to which there is no dispute. In view of the time problem, Special Term may, if necessary, appoint one or more referees to aid in the examination of the signatures. Mollen, P. J., O'Connor, Rabin, Shapiro and Gibbons, JJ., concur.